THE PEOPLE OF THE STATE OF NEW YORK ex rel. KNOTT MANAGEMENT CORPORATION, Appellant, against MARK GRAVES et al., Constituting the State Tax Commission, Respondents.

Argued June 4, 1941; decided July 29, 1941.

*Samuel E. Aronowitz* and *Stanton Ablett* for appellant. The exemption claimed by petitioner was intended by the statute fixing the tax (Laws 1939, ch. 433, § 3). The ruling of the Tax Commission results in discrimination against petitioner. (*Schlesinger* v. *Wisconsin*, 270 U. S. 230; *Matter of Luchow, Inc.*, v. *Taylor*, 251 App. Div. 164; 275 N. Y. 536; *Howitt* v. *Street & Smith Publications, Inc.*, 276 N. Y. 345; *People ex rel. Metropolitan Playhouses, Inc.*, v. *Graves*, 251 App. Div. 655; 275 N. Y. 621; *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Matter of Federal Land Bank* v. *Pickard*, 169 Misc. Rep. 753.)

*John J. Bennett, Jr., Attorney-General* (*Edward J. Gretchen* and *Henry Epstein* of counsel), for respondents. Section 3 of chapter 433 of the Laws of 1939 is clear and unambiguous, limiting the exemption to 250 gallons to " each person " as defined in section 420 of the Tax Law (Cons. Laws, ch. 60). (*People ex rel. Twenty-third St. R. R. Co.* v. *Comrs. of Taxes*, 95 N. Y. 554; *People ex rel. Manhattan Fire Ins. Co.* v. *Commr. of Taxes*, 76 N. Y. 64; *United States* v. *Moore*, 65 U. S. 760; *Philadelphia & Wilmington Railroad* v. *Maryland*, 10 How. 376.) No discrimination is involved. The statute applies equally to all similarly situated. (*N. Y. Rapid Transit Corp.* v. *City of N. Y.*, 275 N. Y. 258; *Matter of Howell*, 255 N. Y. 211; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431; *Matter of Vanderbilt*, 281 N. Y. 297; *Matter of Davies*, 242 N. Y. 196; *People ex rel. U. S. Title Guaranty Co.* v. *Tax Comm.*, 230 N. Y. 102.)

LEHMAN, Ch. J. Section 424 of the Tax Law (Cons. Laws, ch. 60) imposes excise taxes upon beers, wines and

liquors. Prior to May 10, 1939, the tax was one dollar per gallon upon liquors containing more than twenty-four per cent of alcohol per volume " when sold or used within this state by a distributor." By chapter 433 of the Laws of 1939 it was provided that the tax on such liquors should be one dollar and fifty cents " for the period beginning May tenth, nineteen hundred thirty-nine, and ending June thirtieth, nineteen hundred forty." The new statute provided also that " To avoid evasion of the increased tax upon liquors provided for by this act, by transactions allegedly entered into before its effective date, with resultant loss of revenue to the state, and the unfair competition in sales at retail which would probably result from persons avoiding such increased tax by such transactions, there is hereby imposed a floor tax and a delivery tax, as follows: (a) There is hereby levied and imposed upon each person other than a distributor who on May ninth, nineteen hundred thirty-nine, owns or possesses for the purpose of sale any liquors, a floor tax at the rate of fifty cents per gallon upon such liquors over and above normal stock, which for the purposes of this tax is hereby defined to be two hundred fifty gallons of liquor for each such person " (§ 3).

The appellant, Knott Management Corporation, operates under its own name eight hotels and restaurants in the city of New York. Each of these hotels and restaurants is required to have a separate license but all the licenses have been applied for and issued in the name of Knott Management Corporation. A " floor tax " has been levied upon the appellant at the rate of fifty cents per gallon upon all the liquor which it held May 9, 1939, for purposes of sale in all eight hotels and restaurants over and above 250 gallons. The appellant claims that the tax should be levied only upon liquors over and above the " normal stock " of 250 gallons held for sale in each hotel and restaurant for which a separate license has been issued.

Outside of the city of New York the appellant operates other hotels and restaurants under management contracts, but there the licenses have been applied for and issued,

not in the name of the appellant but in the name of the owner. It is said that the appellant operates the eight hotels and restaurants in the city of New York under similar management contracts and that the circumstance that in the city of New York the appellant has chosen to apply for the licenses in its own name, rather than in the name of the actual owner, should not affect the amount of the tax payable by it. The record does not disclose the provisions of the contracts under which the appellant operates or manages the hotels and restaurants either in the city of New York or outside of the city, and in our opinion the provisions of the contract or the character in which the appellant operates these places of business is immaterial. Section 420 of the Tax Law defines the term " person " and the term " owner." Within those definitions the appellant is both a " person " and the " owner " of all eight places of business for which licenses have been issued in its name, regardless of whether the appellant operates these places of business as manager under management contracts or as principal. The problem which we must decide in this case is whether the Legislature, in defining at 250 gallons the " normal stock " of liquor of each person upon whom the tax is imposed, intended that such definition of 250 gallons should be applied to the " normal stock " of each place of business for which a separate license is required or should apply to the " normal stock " of the aggregate of all the places of business owned, within the meaning of the statute, by a single person, though operated as required by statute under separate license.

There is reasonable basis for defining a " normal stock " of liquors to be 250 gallons if the statutory definition is applied to the normal stock of separate hotels and restaurants. It is difficult to see any reasonable basis for such a definition if intended to apply in like manner to one restaurant and to a number of hotels and restaurants which happen to be under the same management. Argument, not without force, may be made that, reasonably or unreasonably, the Legislature has chosen to define at 250 gallons the

" normal stock " of " each person," regardless of whether such person is the owner or manager of one or a hundred restaurants or hotels where such liquor is offered for sale, and that the courts cannot change the definition adopted by the Legislature. When the Legislature has in unambiguous language made a classification, then it is true the courts cannot adopt a different classification, though they might be compelled to hold that the classification adopted by the Legislature is so unreasonable that it transcends the legislative power. In this case, the language of the statute is not so clear and unambiguous that the courts are constrained to construe it in manner which would raise doubt as to the validity of the statute. It is open to the construction that in using the terms " floor tax " and " normal stock " the Legislature indicated that its definition of the " normal stock " was to apply to the stock of liquors held in each place where liquor is sold and where a separate license is required.

The order of the Appellate Division should be reversed, the determination of the Tax Commission annulled, and the matter remitted to the State Tax Commission to fix the tax in accordance with this opinion, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.